UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Syncere Rivera, # 318979, <br> *aka Kenneth Rivera,* <br><br> Plaintiff, <br><br> vs. <br><br> William Byars, *Agency Director*; <br> Larry Cartledge, *Warden*; <br> Daniel Carter, *Sergeant*; <br> Mr. Benzniski, *Correctional Officer*, <br><br> Defendants. | ) C/A No. 8:13-1233-JMC-JDA <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## *Background of this Case*

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. According to the South Carolina Department of Corrections website (http://public.doc.state.sc.us/scdc-public/, last visited on May 20, 2013), Plaintiff is serving an eight-year sentence for a common law robbery conviction entered in the Court of General Sessions for Greenville County. The South Carolina Department of Corrections website lists Plaintiff's projected release date as June 21, 2013.

Defendant Byars is the Director of the South Carolina Department of Corrections. Defendant Larry Cartledge is the Warden of the Perry Correctional Institution. Defendant

1

Carter is a sergeant at the Perry Correctional Institution. Defendant Benzniski is a correctional officer at the Perry Correctional Institution.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint indicates that this civil rights action arises out of the loss of legal papers when Plaintiff was transferred from the Broad River Correctional Institution to the Perry Correctional Institution in January of 2013. Although various papers and forms were, initially, missing, all but six documents were later found. The missing six documents, according to the Complaint, were from an attorney, Tommy Thomas.

Plaintiff's Answers to Court Special Interrogatories (ECF No. 11) indicate that the six documents from Tommy Thomas were "newsletter[] updates" concerning cases from the Supreme Court of South Carolina and the Court of Appeals of South Carolina. Plaintiff's Answers to Court Special Interrogatories also reveal that Attorney Thomas did not represent Plaintiff in his criminal case, direct appeal, or post-conviction case.

## *Discussion*

**Initial Review Standard**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992);

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Action Under § 1983**

To prevail in a civil rights action brought under 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that the defendant(s) deprived him or her of a right secured by the Constitution or federal law, and (2) that the defendant committed the deprivation while

3

acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Also, in any action brought under § 1983, a court must first identify the contours of the underlying right the plaintiff claims was violated. *Graham v. Connor*, 490 U.S. 386, 394 (1989). This requires a determination of the particular plaintiff's status at the time of the alleged violations. *United States v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990).

**Loss of Legal Materials**

A prisoner raising civil rights claims relating to loss of legal materials must show that a non-frivolous legal claim had been frustrated or was being impeded. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded); *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989); and *Carter v. Hutto*, 781 F.2d 1028, 1031-32 (4th Cir. 1986) (alleging that some of the legal documents destroyed were irreplaceable); *cf. Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions).

As earlier stated, Plaintiff's Answers to Court's Special Interrogatories (ECF No. 11) disclose that the six documents from Attorney Thomas were six newsletters containing case summaries, and that Attorney Thomas has not been Plaintiff's counsel of record in his criminal case, direct appeal, or post-conviction case. Although Plaintiff, on page 4 of the Complaint, refers to a court deadline in his *pro se* civil rights action in this Court, *Rivera v. Byars*, Civil Action No. 8:12-3214-JMC-JDA (ECF No. 1, at page 4), the docket sheet in

Civil Action No. 8:12-3214-JMC-JDA shows that Plaintiff "met" his deadline for filing objections to the Report and Recommendation issued on January 2, 2013. In fact, Plaintiff's objections to the Report and Recommendation in Civil Action No. 8:12-3214-JMC-JDA were received five days prior to the deadline. As a result, Plaintiff was not prejudiced in Civil Action No. 8:12-3214-JMC-JDA by the loss of the six newsletters with respect to the deadline for filing timely objections to the Report and Recommendation. Hence, Plaintiff has not suffered a constitutional deprivation with respect to the newsletters. *Lewis v. Casey*, 518 U.S. at 349.

**Plaintiff's Property Claims**

Since Plaintiff has not suffered a constitutional deprivation with respect to the loss of the six newsletters, the above-captioned case, therefore, must be reviewed under case law relating to losses of personal property by state prisoners. Deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986). In *Daniels v. Williams,* the Supreme Court overruled its earlier holding in *Parratt v. Taylor*, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests. Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv*s., 489 U.S. 189, 200–03 (1989).

5

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property, even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986). Although *Yates v. Jamison* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty," *see Plumer v. Maryland*, 915 F.2d 927, 929–32 & nn. 2-5 (4th Cir. 1990), the holding in *Yates v. Jamison* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. Hence, the loss of Plaintiff's six newsletters is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

Under South Carolina law, Plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10, *et seq*. (Westlaw 2013). Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Plaintiff's claims relating to the lost property are cognizable under the South Carolina Tort Claims Act because the Perry Correctional Institution and the Broad River Correctional Institution are operated by a department of the State of South Carolina.

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit

6

in a federal court or in a court of another State.).  Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code § 15-78-80. *Joubert v. South Carolina Dep't of Soc. Servs.*, 341 S.C. 176, 534 S.E.2d 1, 8 (S.C.Ct.App. 2000) (outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period).

Cases from inside and outside this circuit point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated.  *See Treece v. Winston-Wood*, Civil Action No. 3:10-2354-DCN-JRM, 2012 WL 887476, at *6 (D.S.C. Feb. 23, 2012) (citing *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986), and *Slaughter v. Anderson*, 673 F. Supp. 929, 930 (N.D. Ill. 1987)), *adopted by* 2012 WL 896360 (D.S.C. Mar. 15, 2012).  Moreover, even if the six newsletters were intentionally taken by personnel at the Broad River Correctional Institution or the Perry Correctional Institution, Plaintiff must utilize his remedies under South Carolina law.  *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). In short, Plaintiff has an available judicial remedy for the six missing newsletters: the South Carolina Tort Claims Act.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

                                              s/Jacquelyn D. Austin
                                              United States Magistrate Judge

May 21, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).