# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera,<br>a/k/a Kenneth Rivera,<br><br>      Plaintiff,<br><br>v.<br><br>William R. Byars, Jr., Agency Director;<br>Larry Cartledge, Warden; Daniel Carter,<br>Sergeant; Mr. Benzniski, Correctional<br>Officer,<br><br>      Defendants. | Civil Action No. 8:13-cv-01233-JMC<br><br>**ORDER AND OPINION** |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 15), filed May 21, 2013, recommending the court dismiss *pro se* Plaintiff Kenneth Syncere Rivera's ("Plaintiff") § 1983 claim against Defendants William R. Byars, Jr., Larry Cartledge, Daniel Carter, and Mr. Benzniski (collectively referred to as "Defendants"), which challenged Defendants' confiscation of § 1983 *pro se* forms, documents from an attorney, a newsletter, and pair of boots as violative of the First, Fourth, and Fourteenth Amendments. (ECF No. 1). Plaintiff has filed his complaint pursuant to the *in forma pauperis* statute 28 U.S.C. § 1915. For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** Plaintiff's complaint with prejudice and without issuance and service of process.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this

1

summary as its own. However, a brief recitation of the factual and procedural background in this case is warranted.

At the time of his filings in the instant case, Plaintiff was incarcerated in the Perry Correctional Institution ("PCI"), a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 2). Plaintiff filed this action on May 9, 2013 (ECF No. 1), alleging that Defendants violated the First, Fourth, and Fourteenth Amendment by seizing from him, in the midst of his transfer to another prison, § 1983 *pro se* forms, documents from an attorney, a newsletter, and a pair of boots. *Id.* at 4. In his response to the Court's Special Interrogatories (ECF No. 11), Plaintiff explained that the documents he was missing from an attorney were newsletter updates of South Carolina state court decisions. *Id.* at 1. Plaintiff also revealed that the attorney who provided him with these updates was not his post-conviction relief counsel or trial counsel in his criminal case. *Id.* at 2. Plaintiff requests that the court declare Defendants violated his constitutional rights, issue an injunction requiring Defendants to return his belongings, and order compensatory and punitive damages. (ECF No. 1 at 5).

The magistrate judge issued the Report on May 21, 2013, recommending that the court dismiss Plaintiff's complaint as meritless. (ECF No. 15 at 8). The magistrate judge found no constitutional deprivation in the confiscation of Plaintiff's legal materials because the loss of the newsletter updates did not frustrate a legal claim or prevent an action from being filed. *Id.* at 4 (citing *Lewis v. Casey,* 518 U.S. 343, 349 (1996); *White v. White,* 886 F.2d 721, 724 (4th Cir. 1989); *Carter v. Hutton,* 781 F.2d 1028, 1031-32 (4th Cir. 1986); *Michau v. Charleston County, S.C.,* 434 F.3d 725, 728 (4th Cir. 2006)).

In construing Plaintiff's claims as a loss of personal property, the magistrate judge concluded that damages for deprivations of personal property are not available under § 1983.

(ECF No. 15 at 5 (citing *Daniels v. Williams,* 474 U.S. 327, 328-36 & n.3 (1986))). The magistrate judge likewise found that no § 1983 relief is available to plaintiffs who have a viable remedy under state law for the loss of personal property. (ECF No. 15 at 6 (citing *Yates v. Jamison,* 782 F.2d 1182, 1183-84 (4th Cir. 1986))). Accordingly, the court stated that Plaintiff's proper judicial remedy would be under the South Carolina Tort Claims Act. (ECF No. 15 at 6-7).

On May 31, 2013, Plaintiff filed Objections to the Report ("Objections") (ECF No. 17). In his Objections, Plaintiff asserts that his claim of a deprivation of property is cognizable under the Fourth Amendment's protections against unreasonable searches and seizures. *Id.* at 2. Plaintiff also contends he is entitled to § 1983 relief under the doctrines of denial of procedural due process and denial of access to the courts. *Id.* at 2-3.

## STANDARD OF REVIEW

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the

magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

Plaintiff's first contention is that Defendants' confiscation of his belongings infringed upon his Fourth Amendment rights. Plaintiff's argument fails because "prisoners have no legitimate expectation of privacy and…the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells[.]" *Hudson v. Palmer,* 468 U.S. 517, 530 (1984).

Plaintiff also argues that the prison officials violated his right to procedural due process. However, as the magistrate judge noted, relief for this claim is unavailable to Plaintiff given that a meaningful post-deprivation remedy was available to Plaintiff under state law. *Id.* at 536 (holding that an intentional deprivation of property by a state employee does not violate due process where the state has provided an adequate remedy); *Daniels,* 474 U.S. at 328 ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.").

Plaintiff fails to state a claim of denial of access to the courts because he does not allege that he has been deprived of the ability to bring a nonfrivolous, legal claim. *Lewis,* 518 U.S. at 351-53; *see also Akers v. Watts,* 740 F. Supp. 2d 83, 96 (D.D.C. 2010) (stating that for an access to courts claim, a prisoner "must allege actual injuries as a result of the denial by claiming that an actionable claim was rejected, lost, or prevented from being filed.").

Because Plaintiff has no right to Fourth Amendment protections, has an adequate remedy in state law for the alleged deprivation of his personal property, and has not pled sufficient facts to state an access to courts claim, the court dismisses Plaintiff's complaint.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 15). Plaintiff's complaint is therefore **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 28, 2013
Greenville, South Carolina